IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | | |
|---|---|---|
| Daniel B. Torrelio, | ) | C.A. No. 2:10-0857-MBS-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Evergreen Shipping Agency (America) Corp., | ) | |
| | ) | |
| Defendant. | ) | |

This pro se action purporting to be for breach of contract(Docket # 1) concerns a shipment of more than twenty-nine thousand pounds of red onions from Lima, Peru to Charleston, South Carolina. The contract was allegedly entered into with Evergreen Shipping Company (Docket #1 ¶ 1), but the named defendant herein is Evergreen Shipping Agency (America) Corporation.

The Defendant has moved to dismiss asserting improper venue, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. (Docket #17). Most salient of the defendant's arguments is, "[s]imply stated, Plaintiff has sued the wrong party. . ."

In response to the motion the plaintiff asserts,

> This suit arises out of the attempt to collect a not-owed, unnecessary, illegal, or otherwise unauthorized charge of $2,351 U.S. dollars from the Plaintiff, Daniel B. Torrelio, by the Evergreen Marine (Taiwan) Ltd., through its agent Evergreen Shipping Agency (America) Corp., Defendant to be referred to as "Agent",

> "Carrier","Evergreen", or "Evergreen Shipping",
> after "Evergreen" breached its own contractual
> obligations established by the "Hague Rules",
> which have been codified in *Carriage of Goods by
> Sea Act (COGSA) 46 U.S.C. § 1301 et seq.*

(Docket # 17 p. 2).

The plaintiff does not address the Defendant's assertion that he has sued the wrong party, but, as noted above, simply treats every entity with the word Evergreen in its name as the same party. Furthermore, despite the court's providing the *pro se* plaintiff with a packet of materials indicating how he must serve defendants, he has not followed those instructions. Instead he has submitted to the court a certificate indicating that he has served the Defendant's attorney with the summons and complaint. When this defect was pointed out to the plaintiff by motion, he only replied, "These oversights have been cured." However there is nothing before the court to indicate that the defendant has been properly served, and the defendant specifically asserts it has not been served.

It appears that the plaintiff wants the court to disregard the Federal Rules of Civil Procedure and simply rule in his favor. He has filed a complaint naming one party, has alleged complaints against multiple parties, and has not served the complaint in accordance with the law on any party. The defendant also raises the forum provisions of the COGSA Bill of Lading which the plaintiff also ignores. However it is not necessary

2

for the court to go further than to note that the plaintiff has failed to perfect service on a defendant, and pleads that the contract which forms the basis of this action was entered into with someone other than the defendant.

Accordingly, it is recommended that the defendant's motion under Rule 12(b) of the Federal Rules of Civil Procedure be granted, and this action dismissed without prejudice because the plaintiff has failed to serve the defendant and has failed to state a cause of action against the named defendant.

Respectfully Submitted,

*Robert S Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

June 17, 2010

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within **fourteen (14) days** of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).