IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Daniel B. Torrelio, ) | |
| ) | C/A No. 2:10-0857-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Evergreen Shipping Agency (America) ) | |
| Corp., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Daniel B. Torrelio, appearing pro se, filed this action against Defendant Evergreen Shipping Agency (America) Corp. on April 6, 2010. Plaintiff alleges that he purchased a refrigerated container of red onions from a merchant in Peru. The merchant entered into a contract to ship the container to Charleston, South Carolina, where the container would be consigned to Plaintiff. The Bill of Lading defines the carrier as doing business as Evergreen Line, a Joint Service Agreement consisting of Evergreen Marine Corp. (Taiwan) Ltd., Evergreen Marine (UK) Ltd., Italia Marittima S.p.A., Evergreen Marine (Hong Kong) Ltd., and Evergreen Marine (Singapore) Pte Ltd. ECF No. 17-3, 2. The container arrived in Charleston, South Carolina on April 3, 2010. However, according to Plaintiff, Defendant delayed delivery of the container and demanded unfounded fees amounting to $2,201.00. Plaintiff demands immediate delivery, or in the alternative, damages in the amount of $180,000.00.

This matter is before the court on motion to dismiss filed by Defendant on April 30, 2010. Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedures and the possible consequences of failing to respond adequately. Plaintiff filed a response in opposition to Defendant's motion on June 1, 2010.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. On June 17, 2010, the Magistrate Judge issued a Report and Recommendation in which he recommended that Defendant's motion to dismiss be granted. Plaintiff filed objections to the Report and Recommendation on July 1, 2010, to which Defendant filed a reply on July 8, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1)

## DISCUSSION

Defendant moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(3), (4), (5), and (6). Rule 12(b) provides, in relevant part:

> (b) HOW TO PRESENT DEFENSES. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
>  . . . .
> (3) improper venue;
> (4) insufficient process;
> (5) insufficient service of process;
> (6) failure to state a claim upon which relief can be granted . . . .

Defendant first asserts that Plaintiff is bound by a forum selection clause set forth in the Bill of Lading. The forum selection clause provides:

2

> 29. Law and Jurisdiction.
>
> . . . .
>
> (2) U.S. Trades: Notwithstanding anything in subparagraph (1) above, where the shipment covered by this Bill is to or from the U.S.A. (Including its districts, territories and possessions), all claims arising hereunder must be brought and heard solely in the U.S. District Court for the Southern District of New York, or if that court is not competent to hear the matter, in any competent state or city court located in New York County, to the exclusion of any other forum. Except as otherwise set out herein, United States law shall apply to such claims.

ECF No. 17-3, 8.

Based on the forum selection clause, Defendant moves to dismiss for improper venue pursuant to Rule 12(b)(3).

Defendant further contends that on April 13, 2010, before counsel for Defendant made an appearance, Plaintiff mailed to Defendant's counsel a document entitled "Notice of Suit" that appeared to be signed by Plaintiff, along with the complaint. According to Defendant, at the time counsel received the "Notice of Suit" and complaint, he was not authorized to accept service on behalf of Defendant. Moreover, according to Defendant, no summons signed by the Clerk of Court and bearing the court seal was ever served on Defendant as required by Fed. R. Civ. P. 4(b) and (c)(1). Thus, Defendant moves to dismiss for insufficient process and insufficient service of process under Rule 12(b)(4, 5).

In addition, Defendant asserts that the proper party-defendant is Evergreen Line, the carrier. Defendant asserts that it is merely Evergreen Line's disclosed agent, and that Plaintiff has no claims against it. Thus, Defendant moves to dismiss for failure to state a claim under Rule 12(b)(6).

The Magistrate Judge found that the most salient of Defendant's arguments is that Plaintiff has sued the wrong party. The Magistrate Judge found that Plaintiff did not address Defendant's

assertion that he had sued the wrong party, but treated every entity with the word "Evergreen" in its name as the same party. The Magistrate Judge further noted that he was without evidence that Defendant had been properly served. Despite the Magistrate Judge's providing the pro se Plaintiff with materials containing instructions on how to serve a defendant, Plaintiff did not follow the instructions. For these two reasons, the Magistrate Judge recommended that Defendant's motion to dismiss be granted and the case dismissed, without prejudice.

In his objections, Plaintiff states with respect to service: "All we can provide to the Court are the Proofs of Mailings and Certificate of Service by the U.S. Marshall [*sic*]. This has to be resolved in favor of the Plaintiff." Objections to Report and Recommendation 3 (ECF No. 28). A Process Receipt and Return from the U.S. Marshals Service indicates service via certified mail of a summons and complaint on Defendant on June 2, 2010 (ECF No. 28-1). The court will assume, for purposes of Defendant's motion to dismiss, that service has been effected on Defendant.

Nevertheless, Plaintiff cannot prevail. As the Magistrate Judge found, Plaintiff has sued the improper party. In his objections, Plaintiff contends that "the ONIONS WERE IN GOOD CONDITION when the Defendant received them, making the Defendant the responsible party for causing the onions to rot." Objections to Report and Recommendation 2 (ECF No. 28) (emphasis in original). The court disagrees. Evergreen Line, not Defendant, was the carrier that contracted to transport Plaintiff's cargo to South Carolina. According to the Bill of Lading, Evergreen Line, not Defendant, was responsible, to the extent permitted by the Hague Rules and the Carriage of Goods by Sea Act (COGSA), for damage to the cargo. Bill of Lading, ¶ 5 (ECF No. 17-3, 3). Even if proper service and process have been effected, Defendant's motion to dismiss still must be granted pursuant to Rule 12(b)(6) for failure to state a claim against Defendant. Plaintiff's objection is

without merit.

## CONCLUSION

For the reasons stated, Defendant's motion to dismiss (ECF No. 22) is granted and the case dismissed, without prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

February 11, 2011.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**